## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE A. LOGAN, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-544-GPM |
| | ) | |
| A.W. SHERROD, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 3). Based on Petitioner's financial affidavit, the motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.[1]

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a life sentence imposed on him by the United States District Court for the Western District of Kentucky. Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court,

---

[1]At the time he filed this action, Petitioner was confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville). Since filing this action, however, Petitioner appears to have been transferred to the Federal Medical Center located in Butner, North Carolina (FMC-Butner). The transfer of Petitioner outside this district, however, does not destroy the ability of this Court to adjudicate his habeas petition. *Ahrens v. Clark*, 335 U.S. 188, 193 (1948) (habeas jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change).

the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### BACKGROUND

Plaintiff was convicted after a jury trial of the following charges: (1) conspiracy to commit mail fraud and arson in violation of 18 U.S.C. §§ 371, 844(i), and 1341; and (2) arson of real property used in or affecting interstate commerce in violation of 18 U.S.C. § 844(i). *Logan v. United States*, No. 434 F.3d 503, 506 (6th Cir. 2005). The jury did not decide whether any death or serious bodily injury resulted from the arson. *Id*. On July 7, 19997, the trial court sentenced Petitioner to life imprisonment for the arson because the arson caused the death of four people. *Id*.

In March 1999, the Supreme Court decided *Jones v. United States*, 526 U.S. 227 (1999), which held that the federal carjacking statute required the jury to decide, as an element of the statutory offense, whether death occurred as a result of the relevant criminal conduct.

Petitioner appealed his sentence to the Sixth Circuit Court of Appeals, which heard oral argument on his appeal on June 16, 1999 – after *Jones* was decided. *Logan*, 434 F.3d at 506. The Sixth Circuit affirmed Petitioner's sentence on July 19, 1999. *Id*. Petitioner sought, but was denied, a petition for a writ of certiorari. *Id*.

Petitioner next sought relief pursuant to 28 U.S.C. § 2255. The district court denied § 2255 relief finding that Petitioner could not rely on *Jones* because – in its view – *Jones* was limited to the federal carjacking statute and did not provide a constitutional rule of criminal procedure. *Id*. at 507.

Page 2 of  4

The Sixth Circuit Court of Appeals allowed Petitioner to appeal the district court's ruling that *Jones* did not apply to his case; it also questioned whether Petitioner had procedurally defaulted his *Jones* claims.  *Id*.  The Sixth Circuit held that while *Jones* did apply to Petitioner's case, Petitioner had procedurally defaulted his *Jones* claims by failing to argue them at trial or on direct appeal.  *Id*. Therefore, the Sixth Circuit affirmed the denial of § 2255 relief.

### DISCUSSION

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  *See generally Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom a § 2255 motion was inadequate or ineffective to test the legality of his detention.  However, Petitioner's argument is without merit. As explained at some length by the Sixth Circuit Court of Appeals, the issue of whether death was an element of the offense or a mere sentencing factor had never been decided by the Sixth Circuit at the time of Plaintiff's trial.  *Id*. at 509.  Petitioner had an opportunity to raise his *Jones* claims at trial but remained silent when his co-defendant successfully excluded evidence of the deaths on relevance grounds – a position that district court noted necessarily meant that the jury would *not*

decide whether the deaths occurred.  *Id*.  Petitioner also could have raised his *Jones* claims on direct

appeal because *Jones* was decided two months before oral arguments in his case, but Petitioner did

not file a motion to cite additional authorities or raise the issue in his oral argument.  *Id*.

In short, Petitioner had a reasonable opportunity to raise his *Jones* issues both at trial and on

direct appeal.  That he did not raise them in either forum and, therefore, lost them through

procedural default does not make § 2255 either ineffective or inadequate to test the legality of his

detention.  Accordingly, § 2241 cannot provide Petitioner with the desired relief, and this action is

**DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED:  03/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge